(91 App. Div. 578.)

### JEWELL v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department. March 11, 1904.)

1. MUNICIPAL CORPORATIONS—STREETS—NEGLIGENT REPAIR—INDEPENDENT CONTRACTOR—INSTRUCTIONS.

In an action against a city for negligently repairing a street in which there was evidence that the work was done by an independent contractor, the defendant was entitled to a charge that if it had no control over the manner of performance of the work it was not liable.

Appeal from Special Term, Westchester County.

Action by William Jewell against the city of Mt. Vernon. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Roger M. Sherman, for appellant.
Odell D. Tompkins, for respondent.

JENKS, J. The plaintiff complains that the defendant so negligently repaired a street as to divert surface water, which naturally flowed in the gutters, into his house. He has recovered a judgment for injuries to chattels stored in his cellar. The defendant read in evidence a contract for the work, which shows that it was done by an independent contractor. The corporation counsel requested the court to charge that "the contractor contracting between him and the city of Mt. Vernon for the work at which this accident occurred was an independent

¶ 1. See Municipal Corporations, vol. 36, Cent. Dig. §§ 1580, 1582.

contractor." And the learned court, under exception, replied: "I decline to charge that in the sense of being to that extent that it relieved the city of liability, as already charged."

But reference to the charge fails to show that the learned court had instructed the jury as to the liability of the city for its negligence, in view of its employment of the independent contractor. The case was submitted without reference to the element of an independent contractor, save as to the question of notice. I think that under the request the defendant was entitled to have the court charge a rule laid down in Uppington v. City of New York, 165 N. Y. 222, 233, 59 N. E. 91, 53 L. R. A. 550, for the reason that the municipal liability is thereby limited.

The judgment and order should be reversed, and a new trial ordered, costs to abide the event. All concur.